UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MUSCO PROPANE, LLP, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:10-cv-1400 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WOLCOTT, et al., | : | DECEMBER 15, 2011 |
|     Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 74)**

## I.  INTRODUCTION

The plaintiff, Musco Propane, LLP ("Musco), has moved for an order compelling production of the investigative report prepared by Bryan Tynan, attorney for the town of Wolcott, on January 14, 2010.  See Mot. to Compel (Doc. No. 74) at 1.  Musco also seeks to compel testimony from Tynan regarding any oral communications he had with the Wolcott Town Council concerning the investigation and the investigative report.  Id.

For the following reasons, the Motion to Compel is denied.

## II.  BACKGROUND

This action arises from the defendants' alleged efforts to "curtail[] all of Musco's attempts to expand its propane business" in violation of Musco's rights under the First and Fourteenth Amendments to the United States Constitution.  Pl.'s Mem. in Supp. at 1.  The factual allegations relevant to the instant motion are as follows:  Musco is a licensed Home Heating Fuel Dealer and Special Fuel Distributor.  Am. Compl. ¶ 18.  The company operates from a property located at 585 Wolcott Road, Wolcott, Connecticut.  Id. ¶ 19.  In 2006, Muso sought and obtained approval from the Wolcott

1

Planning and Zoning Commission for the installation of a 30,000 gallon, above-ground storage tank on the Wolcott Road property. Id. ¶¶ 22-30.

In the spring of 2009, Musco applied for permission to install a second 30,000 gallon tank directly behind the existing tank. Id. ¶ 46. Prior to a public hearing on the request, however, Musco was notified that its application "would likely be denied based upon a 'recently discovered' zoning regulation prohibiting fuel storage tanks in excess of 10,000 gallons." Id. ¶ 52. Musco was further told that approval of its 2006 application had been "granted in error." Id. ¶ 53.

In January 2010, the Wolcott Town Council ("the Council") asked Town Attorney Bryan Tynan and a Council subcommittee to investigate the granting of Musco's 2006 application. Tynan Aff. ¶ 8. On January 14, 2010, Tynan prepared a Report, which he subsequently presented to the Council in executive session. Id. ¶ 9. At the time the Report was prepared and presented, Musco's president, Randy Petroniro, was a member of the Council and received a copy of the Report. Tynan Dep. at 24, lines 3-7.

### III. LEGAL STANDARD

Privileged communications are exempt from the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). In a federal question case, the determination of whether a particular communication is privileged is governed by federal common law. See Schiller v. City of New York, 245 F.R.D. 112, 113 (S.D.N.Y. 2007) (citing von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987)); see also Fed. R. Evid. 501.

Under Second Circuit precedent, to invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007). With regard to the third requirement, the Circuit has noted that "legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct." Id. at 419. For example, "[w]hen a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice." Id. at 422. Finally, when a communication contains a mix of legal advice and other information, a court must determine "whether the predominant purpose of the communication is to render of solicit legal advice." Id. at 420.

**IV.  DISCUSSION**

    **A.  Tynan's Report to the Council**

Musco argues that the Report is not privileged because it was neither intended to be confidential nor made for the purpose of providing legal advice. Pl.'s Mem. in Supp. at 6, 9. The court disagrees on both counts.

First, the court finds that the Report was intended to be confidential. The document itself was marked "Private and Confidential," Tynan Aff. ¶ 9, and it was presented to the Council in a closed session, id. ¶ 10. Further, contrary to Musco's claim, the fact that Tynan provided Randy Petronino with a copy of the Report does not negate its confidentiality. See Pl. Mem. in Supp. at 9. As Musco acknowledges,

Petronino was a member of the Council, i.e., a client of Tynan's, at the time of disclosure. Id.

Second, the court concludes that the Report's predominant purpose was to provide legal advice. Based on Tynan's deposition testimony, Musco characterizes the Report as "a summary of factual conclusions," and argues that "there has been no indication that the Investigative Report contains a recommendation of a policy for compliance with a legal obligation or that the report recommends the implementation of compliance measures." Pl.'s Mem. in Supp. at 8. Having reviewed the Report in camera, however, the court finds it does, in fact, include both an assessment of past compliance with the Wolcott Zoning Regulation and a policy recommendation regarding future compliance. While the Report begins with two paragraphs of factual background, the court does not find that recitation of these facts—all of which appear to have been in the public record—was Tynan's primary purpose in preparing the document.

In summary, the court finds that the Report: (1) was a communication between Tynan and his client; (2) was intended to be confidential, and was, in fact, kept confidential; and (3) was prepared for the purpose of providing legal advice. Accordingly, it is exempt from disclosure under Rule 26(b)(1).[1]

**B.    Tynan's Oral Communications with the Council**

Musco also seeks to compel testimony from Tynan regarding any oral communications he had with the Council at the executive session held on January 14,

---

[1] Musco argues that "[a]t the very least, the plaintiff is entitled to disclosure of the factual findings contained in the Investigative Report, with any legal advice or opinions redacted." Pl.'s Mem. in Supp. at 9. As noted above, however, all of the factual findings in the Report are based upon information already in the public record. Accordingly, the court does not see a need to provide the plaintiff with a redacted version.

2010.  Mot. to Compel at 1.  Musco argues that, by discussing the Report in a non-public session, the Town Council violated section 1-231(b) of the Connecticut Freedom of Information Act ("FOIA").  Pl.'s Mem. in Supp. at 10.  Because the session was improperly convened, Musco contends, "Attorney Tynan's oral communications [at the session] . . . do not constitute confidential communications which are subject to attorney-client privilege."  Id. at 9-10.  Again, the court disagrees.

Section 1-231(b) provides that "[a]n executive session may not be convened to receive or discuss oral communications that would otherwise be privileged by the attorney-client relationship if the agency were a nongovernmental entity, unless the executive session is for a purpose explicitly permitted pursuant to subdivision (6) of section 1-200."  Conn. Gen. Stat. § 1-231(b).  Section 1-200(6), in turn, provides that an executive session may be held for "discussion of any matter which would result in the disclosure of public records or the information contained therein described in subsection (b) of section 1-210.  Id. § 1-200(6)(E).  Finally, the list of FOIA-exempt documents contained in section 1-210(b) includes "communications privileged by the attorney-client relationship."  Id. § 1-210(b)(10).

In conjunction, these statutory provisions make clear that, consistent with section 1-231(b), an executive session may be convened for purposes of discussing a document privileged by the attorney-client relationship.  Multiple decisions of the Connecticut Freedom of Information Commision support this reading of FOIA.  See, e.g., Jackter v. Bd. Of Selectman, Town of Colchester, Docket No. FIC 1996-464 (Freedom of Info. Comm'n, Aug. 13, 1997) (holding that discussion of a privileged letter from the town attorney was "a permissible subject for an executive session pursuant to

5

1-200(6)(E)"); Woodbury Donuts, LLC v. Zoning Comm'n, Town of Woodbury, Docket No. FIC 2008-762 (Freedom of Info Comm'n, Aug. 26, 2009) (holding that zoning commission did not violate section 1-231(b) by convening an executive session to discuss a memorandum from its legal counsel).

Accordingly, the court finds that the Wolcott Town Council did not violate FOIA by convening an executive session to discuss the Report with Tynan. It further finds that any oral communications between Tynan and the Council at the session are subject to attorney-client privilege.[2]

## V.   CONCLUSION

For the foregoing reasons, the plaintiff's Motion to Compel (Doc. No. 74) is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 15th day of December, 2011.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[2] Because the court does not adopt the interpretation of section 1-231(b) urged by Musco, it finds it unnecessary to address the defendants' argument that such an interpretation would violate the Connecticut Constitution.