COPY

1

1   UNITED STATES DISTRICT COURT
2          DISTRICT OF CONNECTICUT

3   MUSCO PROPANE, LLP              CIVIL ACTION NO.

4                                  3:10-CV-1400 (JCH)

5        VS.                       JUNE 21, 2011

6

7   TOWN OF WOLCOTT, ET AL

8

9        DEPOSITION OF: T. MICHAEL MORRISSEY

10

11  APPEARANCES:

12  Attorneys for the Plaintiff:

13    YAMIN & GRANT, LLC
       83 Bank Street
14     Waterbury, Connecticut 06702
       (203) 574-5175
15  BY: ERIC M. GRANT, ESQUIRE

16

17  Attorneys for the Defendant:

18    ROSE KALLOR, LLP
       750 Main Street
19     Hartford, Connecticut 06103
       (860) 748-4660
20  BY: MELINDA POWELL, ATTORNEY AT LAW
       MICHAEL ROSE, ESQUIRE

21

22          Wendy J. Leard
         Registered Merit Reporter
23            CSR # 00039

24  NIZIANKIEWICZ & MILLER REPORTING SERVICES
           972 Tolland Street
25  East Hartford, Connecticut 06108-1533
            (860) 291-9191

1        . . . Deposition of T. MICHAEL MORRISSEY,

2    taken on behalf of the defendants in the

3    hereinbefore entitled action, pursuant to the

4    Federal Rules of Civil Procedure, before Wendy J.

5    Leard, RMR, duly qualified Notary Public in and

6    for the State of Connecticut, held at the law

7    offices of ROSE KALLOR, LLP, 750 Main Street,

8    Hartford, Connecticut, commencing at 1:36 p.m., on

9    Tuesday, June 21, 2011.

10

11           S T I P U L A T I O N S

12

13      It is hereby stipulated and agreed by and

14    among counsel for the respective parties that all

15    formalities in connection with the taking of this

16    deposition, including time, place, sufficiency of

17    notice and the authority of the officer before

18    whom it is being taken may be and are hereby

19    waived.

20

21      It is further stipulated and agreed that

22    objections, other than as to form, are reserved to

23    the time of trial and that the reading and signing

24    of the deposition is not waived.

25

1     Q     Did you make a recommendation to them, to

2   Sasco, that they just didn't implement or did you

3   never get to that point?

4     A     They never got to the point.

5           There were some extraneous circumstances

6   that took place that, you know, they were riding

7   high when crude oil -- they owned oil wells down

8   in Texas and they felt very rich at the time when

9   oil was selling for $150 a barrel.

10          And then, back in 2008, you may or may not

11  recall, the price just tanked and along with it

12  went some of their aspirations.

13          And also they lost some banking leverage

14  because of it.

15    Q     Okay.  Baribault Oil, who did you

16  recommend that they use?

17    A     Hocon Gas in Waterbury and AmeriGas.

18    Q     What's Hocon's volume of storage in

19  Waterbury?

20    A     They have 90,000 gallons of storage.

21          AmeriGas has 270,000 gallons of storage.

22    Q     It's the same one in Southington you

23  mentioned before?

24    A     Yes.

25    Q     And how about Energy Resources, who did

81

1    you recommend they use?

2        A    Bemer's.  Bemer's has 90,000 gallons

3    storage, plus an additional 30.

4        Q    In Glastonbury?

5        A    Yes, in Glastonbury.

6             Plus they have five transport trucks which

7    act as second tier stores.  That's another close

8    to 50,000 gallons in storage.

9        Q    You said the five transport trucks are

10   10,000 each?

11       A    Yes.

12       Q    So the companies that you mentioned that

13   you would recommend to a fuel oil dealer who

14   wanted to get into the propane business seemed to

15   have, at a minimum, 90,000 gallons of storage?

16       A    Correct.

17       Q    Is that the number that you would -- that

18   you use basically before you make a

19   recommendation?

20       A    That's one significant part of it, yes.

21            The secondary storage is very important

22   for that dealer to be vitally protected during the

23   wintertime.

24       Q    Okay.  And what other aspect would there

25   be?

1    A    The financial integrity of the company.

2         Their relationships with their wholesale

3    suppliers.

4    Q    And how do you analyze those factors?

5    A    I don't formally analyze them, but if

6    there was a dealer who wasn't keeping up with

7    their wholesale suppliers, I'm generally the first

8    one to know about it.

9    Q    How does that happen?  Which one calls

10   you?

11   A    It happens pretty fast, too.

12   Q    Is it the wholesaler that usually calls

13   you?

14   A    Yeah.  If they're having a problem,

15   they'll ask me what's going on.

16        And it also works the other way, too.

17        You know, if a wholesaler was having some

18   problems, you know, especially with the honoring

19   of their allocation.

20        If we're in a period of allocation and

21   somebody feels like they're getting shorted,

22   they'll call me.

23        In my position, I seem to be the central

24   point.

25   Q    The mediator?

180

1      C E R T I F I C A T E   O F   D E P O N E N T

2

3          I, T. MICHAEL MORRISSEY, have read the

4      foregoing transcript of the testimony given and it

5      is true and accurate to the best of my knowledge

6      as originally transcribed and/or noted on the

7      attached Errata Sheet.

8

9                         _____

10                            T. MICHAEL MORRISSEY

11

12         Subscribed to and sworn to before me on

13     this ____ day of _____ , 2011.

14

15                         _____

16                            Notary Public

17     My Commission expires:

18     _____

19

20     3:10-CV-1400 (JCH)

21     MUSCO PROPANE, LLP

22     -vs-

23     TOWN OF WOLCOTT, ET AL

24     T. MICHAEL MORRISSEY -  JUNE 21, 2011

25     WJL

181

1   STATE OF CONNECTICUT

2   COUNTY OF TOLLAND

3        I, Wendy J. Leard, a Notary Public for the

4   State of Connecticut, do hereby certify that the

5   deposition of T. MICHAEL MORRISSEY, a witness, was

6   taken before me pursuant to the Federal Rules of

7   Civil Procedure, at the law offices of ROSE

8   KALLOR, LLP, 750 Main Street, Hartford,

9   Connecticut, commencing at 1:36 p.m., on Tuesday,

10  June 21, 2011.

11       I further certify that the deponent was first

12  sworn by me to tell the truth, the whole truth,

13  and nothing but the truth, and was examined by

14  counsel, and his testimony stenographically

15  reported by me and subsequently transcribed as

16  hereinbefore appears.

17       I further certify that I am not related to

18  the parties hereto or their counsel, and that I am

19  not in any way interested in the event of said

20  cause.

21       Dated at Somers, Connecticut, this 24th day

22  of June, 2011.

23                            _____
                              Wendy J. Leard
24                            Notary Public

25  My Commission Expires May 31, 2012